IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THE CINCINNATI INSURANCE COMPANY,
a Subrogee of Ohio County Commission
and Ohio County Development Authority,

    Plaintiff,

v.  Civil Action No. 5:10CV7
(STAMP)

COST COMPANY and
PEDERSEN & PEDERSEN, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT PEDERSEN & PEDERSEN, INC.'S
## MOTION TO DISMISS COUNTS III AND IV OF PLAINTIFF'S COMPLAINT
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

### I. Procedural History

The plaintiff, The Cincinnati Insurance Company ("Cincinnati"), filed a complaint against Cost Company and Pedersen & Pedersen, Inc. ("Pedersen") in the Circuit Court of Ohio County, West Virginia alleging negligence and breach of contract. The defendants removed this action to this Court. Defendant Pedersen filed a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). The plaintiff filed a response, to which Pedersen filed a reply. For the reasons stated below, this Court finds that defendant Pedersen's motion to dismiss Counts III and IV of the plaintiff's complaint must be granted.

## II. Facts[1]

Cincinnati insured the Ohio County Commission ("Commission") and the Ohio County Development Authority ("OCDA") pursuant to an insurance policy which provided builder's risk coverage for the period of December 17, 2007 to December 17, 2008. The Commission and the OCDA were the developers of a motion picture cinema project located in Triadelphia, West Virginia. The OCDA contracted with defendant Cost Company for construction work for the project. The Commission and the OCDA contracted with defendant Pedersen for Pedersen to act as the construction manager.

On January 9, 2008, masonry walls constructed by Cost Company collapsed during a period of inclement weather, allegedly because Cost Company failed to provide appropriate temporary bracing for the walls. The Commission and the OCDA incurred costs in the cleanup and replacement of the collapsed walls. Cincinnati, as a result of the collapse of the walls and pursuant to the terms and conditions of the insurance policy, made $644,591.96 in payments to or on behalf of the Commission and the OCDA. Cincinnati therefore brings this suit as subrogee of the Commission and the OCDA.

Cincinnati alleges that Pedersen breached the contract by failing to ensure that the masonry walls erected by the contractors were constructed and braced in a proper and workmanlike manner and

---

[1] For purposes of deciding this motion, the facts are based upon the allegations contained in the complaint.

in accordance with applicable construction industry standards and codes. Cincinnati's negligence claim against Pedersen alleges that Pedersen owed duties that included the responsibility to supervise the erection and temporary bracing of the masonry walls and a duty to ensure that the masonry walls under construction were reasonably safe.

III. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a

3

motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief about the speculative level." Twombly, 550 U.S. at 555.

IV. Discussion

In its motion to dismiss, Pedersen argues that its duties as a construction manager were limited to those set forth in the written contract between the OCDA and Pedersen. Pedersen attached a copy of the proposal which sets forth the scope of the

4

contractual duties between Pedersen and the OCDA. Finally, Pedersen contended that Cincinnati had not identified any breach of any actual duty owed under the proposal. In response, Cincinnati states that the proposal submitted by Pedersen was not executed by the OCDA and the Commission and is simply a proposal. Cincinnati admits that it does not have a copy of a written contract, executed by the parties, detailing Pedersen's responsibilities as construction manager. Citing pre-<u>Twombly</u> case law, Cincinnati argues that this Court should deny Pedersen's motion to dismiss because the complaint sets forth sufficient allegations to support its claims for breach of contract and negligence. In its reply, Pedersen argues that the plaintiff's admission that it does not know the scope of Pedersen's duties under the contract is a "fatal gap" in its pleadings and, as a result, the plaintiff is unable to satisfy a prima facie element of its cause of action. Pedersen further argues that the negligence claim cannot survive as an independent cause of action because it is wholly derivative of obligations owed under a written contract.

This Court finds that Cincinnati did not sufficiently plead its causes of action against Pedersen. Cincinnati alleges that Pedersen breached a written contract. However, Cincinnati does not attach a contract and, further, has not obtained a copy of the contract. Here, Cincinnati states that it has sufficiently plead a cause of action for breach of contract because the complaint

5

alleged that Pedersen executed a contract in which Pedersen was to provide competent construction services; that the Commission and the OCDA performed all required conditions precedent under the contract; that Pedersen breached its duties by failing to ensure that the masonry walls erected by the contractors at the project were constructed and braced properly and by failing to ensure that the contractors followed the applicable construction standards and codes; and that the Commission and OCDA suffered losses as a result of the alleged breach. As mentioned above, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. Twombly, 550 U.S. at 570. Cincinnati does not offer factual support for its claims. Accordingly, Cincinnati does not plausibly state a ground for relief.

Cincinnati has "failed to support [its] claims with anything 'more than labels and conclusions, and a formulaic recitation fo the elements of a cause of action.'" Clendenin v. Wells Fargo Bank, N.A., 2009 WL 4263506, *4 (S.D. W. Va. Nov. 24, 2009) (quoting Twombly, 550 U.S. at 555). Cincinnati does not identify what provisions of the contract were breached. Because the plaintiff has produced no contract, the plaintiff's claims as to any duties and obligations are speculative. See 2 Moore's Federal Practice, § 11.11 (Matthew Bender 3d ed. 2000) (stating that Rule 11 requires that attorneys and litigants make a reasonable

6

investigation of the law and facts before submitting a pleading and that "[attorneys and litigants] may not file suit hoping that discovery will later show that a claim was proper . . ."). Importantly, as in Clendenin, "this is not a situation where the defendant has exclusive dominion over the facts." The facts needed to properly support the claims should be within the plaintiff's control. Cincinnati should not need discovery to uncover the contract. Id. Accordingly, Count IV of the complaint, breach of contract against Pedersen, is dismissed.

The plaintiff claims to have plead a sufficient claim for negligence. Cincinnati contends that Pedersen had a duty to exercise reasonable care in its supervision of the construction and temporary bracing of the masonry walls and had a duty to ensure that the walls being erected were reasonably safe. In West Virginia, a plaintiff "cannot maintain an action in tort for an alleged breach of a contractual duty." Lockhart v. Airco Heating & Cooling, 567 S.E.2d 619, 624 (W. Va. 2002). In this case, Cincinnati has failed to show a breach arising from "some positive legal duty imposed by law because of the relationship of the parties, rather than from a mere omission to perform a contractual obligation." Id. Because the action in tort would not arise independent of the existence of the contract, Count III of the complaint, negligence against Pedersen, is dismissed.

## V. Conclusion

For the reasons stated above, this Court finds that defendant Pedersen & Pedersen Inc.'s motion to dismiss must be GRANTED. Accordingly, Counts III and IV of the complaint are DISMISSED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   May 11, 2010

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
